Judge Loosom and I would like to say that we're delighted to have with us today Judge John Antoonen who is a United States District Judge from the Middle District of Florida, who has sat with us before and we're glad you're here, Your Honor. United States v. Pearson I couldn't determine from the record whether Pearson was sentenced as a career offender on count five initially. On count five he has had multiple sentencing. No, just take count five. No, his initial sentence before he kept on direct appeal. His original sentencing he was a career offender. He was a career offender under count five. Yes, Your Honor. Okay. The reason I ask the question if he wasn't, the district judge didn't have jurisdiction to entertain the 2255 even though we gave leave to file it. Do you understand that? Yes. There were no constitutional claims with regard to counts one and three. The only claim, the only count as to which the court had jurisdiction was count five and that depended on whether or not Johnson applied to the career offender thing on count five. Correct. Okay. Mr. Pearson was sentenced to over 37 years in prison on the resentencing, an additional five years beyond the mandatory minimum at that time. This was an unreasonable sentence at that time and it has become only more clear after the passage of the First Step Act that it is unreasonable and unjust. The First Step Act, which passed a few weeks ago, reflects an understanding by overwhelming majorities in Congress and by the president that sentences in these double 924C cases were being ballooned up by mandatory minimums. But that doesn't apply to this case, does it? Your Honor, the law is not retroactive. Right. But it provides a – it represents a policy from Congress that these sentences were – that the mandatory minimums were creating sentences that were simply too high. And so this court, of course, considers the state of the law when it makes its decision and it should consider the fact that Congress has demonstrated that mandatory minimum is high or not needed. So we should take that into account. You're arguing on your theory that it's unreasonable. Absolutely. And that because it is a substantive argument, the substance matters. And the fact that Congress has demonstrated that policy and that the mandatory minimums have been slashed is very significant because it is before this court today. Remind me, I just don't know the history of the First Step Act well enough, but was there some debate about whether it should be made retroactive? Your Honor, I think it's always hard to delve into those issues. I think there were obviously parties who believed it were – believed it should be. That would obviously create a lot of litigation because it would then apply to everyone who has already been sentenced. And because those sentences are so long, it could create a lot of post-conviction litigation. I guess I'm just trying to figure out which way – and for your client's purposes, the First Step Act cuts. I mean you want us to consider the policy, but there has been a determination in Congress that it should not apply retroactively. So on the one hand, you may think the policy sort of favors you in the sense that there's this sort of sense in the ether that these sentences are too stiff. But there's been a determination that that policy doesn't apply to your client. I think importantly that's a limitation that was made to limit post-conviction relief. But I don't think there was an expression that the day before the date of enactment, it was reasonable to impose that 25-year stack sentence in the day after. Congress has to draw these lines. But when evaluating the substance of the sentence, the fact that Congress recognizes this sentence and the mandatory minimum as far as the law, I think that matters a great deal. All I mean to say, I guess speaking for myself, is that I think that your substantive reasonableness argument will need to stand or fall on arguments that do not depend on the First Step Act. Things that existed – that preexisted the First Step Act. Your Honor, yes. The sentence was unreasonable the day it was imposed. But I think this court can and should consider the First Step Act as important guidance, particularly because if he were sentenced today, it would be a 14-year mandatory minimum rather than the 32 years that he faced at that resentencing. But before the First Step Act, the Supreme Court had recognized that guidelines in 924C stacking cases were deserving of particular scrutiny. The Dean case I'm referencing, that case explored how these massive and ballooning mandatory minimums create the guidelines in these cases and create unique challenges. And the policy arguments expressed in Dean are applying in this case as well. So what in Dean would allow us to conclude that the district court abused its discretion and not adequately, you say – we can have a discussion about factually what happened – but adequately, you say, considering the 924C sentences? Dean expressed several policy arguments for why these 924C guidelines may be unreasonable. The reason I ask, just so I'm not burying the question, is that as I read Dean, it says things like nothing in 924C restricts district court judges from considering it. Nothing prevents them. The question is whether the sentencing judge has to ignore or the court says no. But none of that says must consider, has to consider. I mean, there's some gray area in the middle, right, where a district court may or may not consider 924C sentences. I think the arguments expressed – the statutory interpretation in Dean indicates that it may consider. The policy arguments in Dean, which is in the section before that, indicate that there are – when these types of sentences apply, there are things that would be highly relevant to the sentencing factors. And a court is required to consider those sentencing factors. And this court is instructed to do its own calculus of those sentencing factors and create a range of reasonable sentences. And this sentence exceeds that range. Now, those factors that this court should look to to establish that range include factors specific to the defendant, like the immense rehabilitation that Mr. Pearson has performed, like the work and education history that he's performed to prepare himself for release. But in addition, this court should look to things like the minimum sentence, the guidelines, and the maximum sentence to create that range of reasonable sentences. And here the Congress has expressed intent. Those minimum sentences have been slashed. And because 924C cases incorporate those minimum sentences and the guidelines, those have also been slashed. So I think those factors clearly indicate that the sentence here is unreasonable. But in addition – Well, you know, your argument is that I think that the judge should have considered the minimum mandatory sentences. And he did, didn't he? I mean, isn't it pretty clear in the transcript of the sentencing that he took all of that into account, including the rehabilitative steps that your client took while in prison? He did consider those things, Your Honor, yes. And then he imposed an unreasonable sentence. So he did what is perhaps recommended in Dean.  He took the procedural steps required, which is why this is not a procedural reasonableness challenge. He then imposed a substantively unreasonable sentence because he placed a sentence on top of that mandatory minimum when it was simply not necessary. And I think one of the reasons for that and why this court should conclude that is based on an argument that the government has made. The government has pointed out that maximum sentences are relevant in determining this zone of a reasonable sentence. And the government's argument was he received a 63-month sentence on the counts 1, 3, and 5 on top of the mandatory minimums. And that that 63 months is well below the maximum sentences on those counts. I think that argument elevates procedure over substance, which is to say the maximum sentence Mr. Pearson could have received is life in prison. He received nearly a life sentence. The Sentencing Commission, for its own projections, considers a life sentence to be equal to 39 years and 2 months. That's less than 2 years more than the 37-year and 3-month sentence that Mr. Pearson received. So, in effect, in substance, which is what this court should be reviewing, he received a sentence very near to a life sentence. And so, not only the minimums and the guidelines are indicating that this sentence is too high, but also the maximums. This is not a person who needed to receive what is, in effect, a maximum sentence. And that's clear from both the characteristics of him and by the rehabilitation and preparation that he's done while in custody. We ask that the court review the sentence. Thank you. Mr. Billingsley. Good morning. May it please the Court, Michael Billingsley for the United States. The 447-month sentence in this case is reasonable. It's a guideline sentence. It's a low-end guideline sentence. Whether you look at the individual counts or you look at the overall sentence, this court has repeatedly affirmed that it expects a guideline sentence to be reasonable. And Mr. Pearson has the... No, we look at the entire sentence, not just the guideline sentence. You do. If you look at it on the individual counts, it's a low-end guideline sentence on those counts. But overall, it's a low-end guideline sentence because the statutory mandatory minimums were imposed. The mandatory minimum becomes the guideline sentence. Overall, he got a low-end guideline sentence. And again, repeatedly, this court has said you expect such a sentence to be reasonable. It's his burden to prove otherwise. We submit that he hasn't proven that in this case. Another indicator, as he alluded to, is that the sentence is well below the statutory max. The individual bank robbery counts, 63 months, well below the 300-month statutory max on each of those. The 924-G count is about half of the statutory max of 120. As he noted, the overall sentence is below a life sentence. He wasn't sentenced to life. He could have been sentenced to life. With regard to Dean, I think it's already been mentioned by the court, Dean answered the question whether a court is required to ignore the mandatory minimum sentences in a case like this. The court said no. And Judge Proctor did not ignore the mandatory minimum sentences. He took them into account. And I think what's interesting about this case, if you go back to the original sentencing in 2007, which is way before Dean came out, Judge Proctor took them into account at that point. At that point, the low-end guideline for the non-924-C counts was 262 months. Judge Proctor said a guideline sentence is too excessive. It's greater than necessary to achieve the factors, to achieve the purposes of the 355-3A factors. So I'm going to go to 180, which was the mandatory minimum based on the application of the ACCA at that time. But it was like an 82-month variance downward from the low-end of the guidelines. So Judge Proctor, even back then, knew that he could take into account the mandatory minimum sentence and adjust and very well below the guideline sentence on the basis of the impact of the mandatory minimum sentences. So fast-forward to the current sentencing. Now the low-end of the guidelines is 63 months, much less than the 262. And Judge Proctor took into account, as the course alluded to, the impact of the mandatory minimum sentences. But he said, considering the nature and the circumstances of these offenses, I just can't in good conscience go below 63 months. He said, I would, in fact, give you a higher sentence, but I am impressed by your post-conviction, post-sentencing conduct, and so I'm giving you credit for that, and that's why I'm imposing a sentence at the low-end of the guideline range. Completely reasonable in the government's view. I don't know if the court has any questions about the First Step Act, but since there was a letter, just so I could give the government's response to it, we agree that it's not relevant at all for a number of reasons. And I think Judge Newsom got exactly right. You have to determine whether this sentence is reasonable or unreasonable without regard to the First Step Act. If the court can't determine that this sentence is unreasonable, assuming the First Step Act had not even passed, then in the government's view, the court can't reverse. Just a couple points on that. First of all, the court's already noted it's not retroactive. Congress could have made it retroactive. It knows how to make a statute retroactive. In this very legislation, it made its previous changes to the Fair Sentencing Act, or the changes that it made in the Fair Sentencing Act of 2010, it made those retroactive, so it knows how to do that. It did not do that. The second point is the question is whether the judge erred, not what sentence this court would impose, but whether the district court erred. It's difficult to see how you could determine that the district court erred based upon a statute that had not, statutory change that had not been in effect yet at the time of sentencing. It's comparing apples to oranges because Congress, when they set mandatory minimum sentences, they're not cabined by the 3553A factors. That's not what's guiding their determination as to what sentence to impose. In fact, they can't take into account many of the 3553A factors because many are specific to the defendant. They're specific to the offense. So, again, we don't think that's a comparison that can be made. And finally, I would say I don't think it's correct to say that Congress is saying that the previous sentences were excessive. What Congress is doing with the change is just giving courts more discretion. But the fact is, is that statutorily, Mr. Pearson could receive the same sentence he received in this case under the First Step Act. So, Congress is not saying that sentence is excessive. If they could have made it a way where he couldn't receive that sentence, they did not do that. They're just giving courts more discretion. If the court has no further questions. I think we understand the case. Thank you, Your Honor. We just asked that this court affirm. Thank you, Your Honors. Judge Joe Flatt, I need to address the answer to the question that I gave earlier. Counts one and three, he was a career offender. As to count five, he was an armed career criminal. I understand. The government's approach elevates procedure over substance. That's as to the range of possible sentences because the court could have imposed 500, 600, 700 months. But in fact, the court imposed what is effectively a life sentence. And so the argument that the maximum sentences are not addressed or that this is well below the maximum sentence doesn't hold a lot of weight. In addition, regarding the First Step Act, again, that's procedure over substance. The issue is not the effective date of that statute. The issue is whether it is reasonable to imprison Mr. Pearson for another quarter of a century. If Congress has just indicated that that may not be necessary and that the guidelines informing that sentence should be drastically reduced. If the Congress had merely passed a law that clearly did not affect Mr. Pearson, but instead said we recognize that these sentences are too high, that would be something that this court should consider. But to Mr. Billingsley's point, how do we hold the district court in error for having abused its discretion for not considering a policy that it had no knowledge of, right? I mean, this is not a question – we're not sentencing him. We're just reviewing the district court's sentencing of him. The district court didn't even – the First Step Act was not a glimmer in the district court's eye when he sentenced him. Correct, Your Honor. But this court is required to do its own calculus of the 3553A factors and then determine if the sentence imposed is outside a reasonable sentence. And this court can consider all of the information in front of it. And a significant part of that information is that Congress no longer deems the mandatory minimums and the guidelines that Mr. Pearson was subject to to be necessary. So, of course, the district court did not err in considering a yet-to-be-imposed law. We believe he did err at that time for the reasons stated in our brief. But since our briefs and since this court chose to grant oral arguments, we've received compelling evidence that, again, this sentence was simply too high. And he's not going to receive a windfall by being remanded to the district court. As Mr. Billingsley pointed out, he would be remanded, and the court would simply construct a sentence that was reasonable as applied that day. So you're arguing it really is just a de novo review with regard to the reasonableness of the sentence. Is that what you're saying? This court does apply its own sentencing calculus, and I think that is reflected. Do you realize the consequences of doing that? Your Honor, what I'm saying is not that— The consequences of doing that is to tell the district judges it doesn't much make any difference what you do because we'll do the sentencing. And that's not what I mean, Your Honor. I mean, from an institutional point of view, that would be disastrous. Of course, and this court does not design its own sentence. What this court does— We look in to see whether or not an abuse of discretion, whether or not the judge applied the law correctly or made a mistake, a legal mistake, or that the facts on which he exercised discretion are clearly erroneous. That's a standard abuse of discretion review procedure, isn't it? In United States v. Irie, this court stated it's required to— I said in Irie that we did the wrong thing. You're saying that Irie gives us a no vote review not under the abuse of discretion standard? What Irie says is this court is required to make the sentencing calculus ourselves. Okay. That creates not a specific sentence but a range of sentences. Well, is that a resentencing?  An effect resentencing, isn't it? It's not a resentencing. What it does is it says there is a range of sentences that are substantively unreasonable. The district court can fall anywhere within that range and the vast majority of the time we would expect that it would. But there are times when a district court, without making a procedural error, falls outside of that range. That's what substantive reasonableness represents. Okay. And that is what has occurred here because it was simply outside the range of what was reasonable. I think we understand your point. Thank you. United States v. Taylor.